Dear Representative Roach:
This office is in receipt of your request for an opinion directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
You state that the Office of Alcoholic Beverage Control adopted an emergency rule on September 24, 1993 which regulates live entertainment on certain licensed premises. You further relate that the effect of this rule is to "allow topless dancing with bare breasts and (further) removes the distance limitations between the dancer and patrons". You ask (1) whether the substance of the emergency rule is in violation of existing state law, and (2) whether the emergency rule is defective for its failure to be properly promulgated in accordance with law.
LSA-R.S. 26:286 allows live entertainment on licensed premises, but prohibits the "displaying . . . [of the] nipple of the female breast", and further restricts the performance of the dancer to a level "at least eighteen inches above the immediate floor. . . . [and] at least three feet from the nearest patron". LSA-R.S. 26:286 (D) (3) and (E). While the statute is in conflict with the substance of the emergency rule as you relate, note the legislature has recently empowered the commissioner to establish rules authorizing types of entertainment on licensed premises. LSA-R.S. 26:793 (A) provides, in pertinent part:
 Notwithstanding the provisions of R.S. 26:90 (B), (C), (D), (E), (F), and (G) and R.S. 26:286 (B), (C), (D), (E), (F), and (G) to the contrary, the commissioner may establish rules *Page 2 
and regulations adopted pursuant to the Administrative Procedure Act authorizing the types of entertainment and employment allowed on a licensed premises.
LSA-R.S. 26:793 (A) was amended by Act 447 of the 1991 Regular Legislative Session, and resulted in the above quoted portion. LSA-R.S. 26:793 (A) as quoted above is controlling as the latest expression of the legislative will. Accordingly, the commissioner may establish a rule redefining the types of entertainment allowable in licensed premises, despite the prohibitory language of those cited portions of LSA-R.S. 26:90
and LSA-R.S. 26:286. In response to your first inquiry, the substance of the emergency rule appears to be in conformity with state law.
This author has not been provided a copy of the emergency rule; however, our answer to your second inquiry is in the affirmative, based upon the facts as related in your letter. Under the Administrative Procedure Act, an emergency rule which dispenses with the regular requirements of notice and hearing may be invoked only in limited circumstances. LSA-R.S. 49:953 (B) (1) provides, in part:
 If an agency finds that an imminent peril to the public health, safety, or welfare requires adoption of a rule upon shorter notice than that provided in R.S. 49:953 (A) and within five days of adoption states in writing . . . its reasons for that finding, it may proceed without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, to adopt an emergency rule. The provisions of this Paragraph also shall apply to the extent necessary to avoid [federal] sanctions (Emphasis added).
You state the notice of intent to promulgate the emergency rule provides the following as the basis for issuance:
 The Commissioner further finds that in order to implement the appropriate rules and regulations to comply with R.S. 26:793, it is necessary to do so on an emergency basis so as to maintain the ongoing continuity in the ability of the Office of Alcoholic Beverage Control to enforce the law as regulated in a type of entertainment allowed on licensed premises on a statewide basis. *Page 3 
This language absent other clarification appears insufficient, and for this reason the emergency rule is facially defective. Our conclusion is supported by previous opinions issued from this office interpreting the validity of emergency rules. In Attorney General Opinion 90-226 (A), the author concluded:
 The notice of intent to promulgate the emergency rule must justify its grounds. It must memorialize the grounds for the departure from the legislatively preferred procedure. . . . Hence, for an emergency rule to have legal effect, the notice must state facts which if presumed true would constitute prima facie proof of one of the two grounds for emergency procedure under R.S. 49:953 (A). A legal conclusion that there is an imminent peril to public health, safety and welfare will not suffice; the notice must state facts which if presumed true would establish the nature and existence of such peril. . . . There must be an emergency, which must be factually described in the notice. . . . an emergency rule has no legal validity unless it states facts which constitutes grounds under the statute. See also attached Attorney General Opinion 90-226; (Emphasis added).
The facts which serve as the basis for the promulgation of the emergency rule are presumed to be correct, but the facts which suggest imminent peril to the public safety or prompt federal sanctions must be stated in the notice of intent. An emergency rule rendered by the commissioner without the inclusion of the facts justifying its issuance is invalid and unenforceable.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
By: Kerry L. Kilpatrick
Assistant Attorney General RPI/KLK/Roach